IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ODILON CARRASCO<br>4208 Queensbury Road<br>Hyattsville, Maryland 20781 | *<br>*<br>*<br>* |
| And | *<br>* |
| MICHAEL IRIARTE<br>75 South Reynolds Street, Unit 216<br>Alexandria, Virginia 22304 | *<br>*<br>*<br>* |
| And | *<br>* |
| CHRISLENE BRIGHT<br>6612 Lake Park Drive, Apt. 205<br>Greenbelt, Maryland 20770 | *<br>*<br>*<br>* |
| And | *<br>* |
| SU JHIN<br>1028 South Walter Reed Drive, Apt. 329<br>Arlington, Virginia 22204 | *<br>*<br>*<br>* |
| And | *<br>* |
| JENNIFER MERTZ<br>19220 Misty Meadow Terrace<br>Germantown, Maryland 20874 | *<br>*<br>*<br>* |
| And | *<br>* |
| MIKE SAMSON<br>250 K Street, NE<br>Washington DC 20002 | *<br>*<br>*<br>* |
| PLAINTIFFS | *<br>* |
| v. | *   Case No.:<br>* |
| TGR, LLC<br>1909 K Street, NW<br>Washington, DC 20006 | *<br>*<br>* |

|  |  |
|---|---|
| SERVE:  Ryan Litrakis<br>1330 New Hampshire Avenue, NW, Suite 512<br>Washington, DC 20036 | *<br>*<br>*<br>* |
| And | *<br>* |
| TGR, INC.<br>1909 K Street, NW<br>Washington, DC 20006 | *<br>*<br>*<br>* |
| SERVE:  Ryan Litrakis<br>1330 New Hampshire Avenue, NW, Suite 512<br>Washington, D.C. 20036 | *<br>*<br>*<br>* |
| And | *<br>* |
| TGR HOLDINGS, INC.<br>1909 K Street, NW<br>Washington, DC 20036 | *<br>*<br>*<br>* |
| SERVE:  Ryan Litrakis<br>1330 New Hampshire Avenue, NW, Suite 512<br>Washington, DC 20036 | *<br>*<br>*<br>* |
| And | *<br>* |
| CITIES LLC<br>919 19th Street, NW<br>Washington, DC 20036 | *<br>*<br>*<br>* |
| SERVE:  Ryan Litrakis<br>1330 New Hampshire Avenue, NW, Suite 512<br>Washington, DC 20036 | *<br>*<br>*<br>* |
| And | *<br>* |
| MICHAEL KOSMIDES<br>1021 North Garfield Street<br>Arlington, Virginia 22201 | *<br><br><br>* |
|  | * |
| DEFENDANTS. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

2

Plaintiffs Odilon Carrasco ("Carrasco"), Michael Iriarte ("Iriarte"), Chrislene Bright ("Bright"), Su Jhin ("Jhin"), Jennifer Mertz ("Mertz"), and Mike Samson ("Samson") (together, "Plaintiffs") by and through his undersigned counsel, hereby submit their Complaint against Defendants TGR, LLC, TGR, Inc., TGR Holdings, Inc., Cities, LLC, and Michael Kosmides ("Kosmides") (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"); and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiffs are adult residents Maryland, Virginia, and the District of Columbia. By acting as the named Plaintiffs in this matter, Plaintiffs do hereby affirm their consent to participate as Plaintiffs in a matter seeking damages under the FLSA, DCMWA, and DCWPA.

2. TGR, LLC is a limited liability company formed under the laws of the District of Columbia with its principal place of business in the District of Columbia. At all times, TGR, LLC has been engaged in operating two supper club and/or night club business operations in the District of Columbia known as LOOK Supper Club and Cities Restaurant and Lounge.

3. TGR, Inc. is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia. At all times, TGR, Inc. has been engaged in operating two supper club and/or night club business

operations in the District of Columbia known as LOOK Supper Club and Cities Restaurant and Lounge.

4. TGR Holdings, Inc. is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia. At all times, TGR Holdings, Inc. has been engaged in operating two supper club and/or night club business operations in the District of Columbia known as LOOK Supper Club and Cities Restaurant and Lounge.

5. Cities, LLC is a limited liability company formed under the laws of the District of Columbia with its principal place of business in the District of Columbia. At all times, Cities, LLC has been engaged in operating two supper club and/or night club business operations in the District of Columbia known as LOOK Supper Club and Cities Restaurant and Lounge.

6. At all times during Plaintiffs' employment period, Kosmides was the President and primary owner of TGR, LLC, TGR, Inc., TGR Holdings, Inc, and Cities, LLC.

    a. At all times during the period of Plaintiffs' employment, Kosmides had the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

    b. At all times during the period of Plaintiffs' employment, Kosmides had the power to set and control the work schedule for Plaintiffs.

    c. At all times during the period of Plaintiffs' employment, Kosmides set and determined Plaintiffs' rate and method of pay.

   d.  At all times during the period of Plaintiffs' employment, Kosmides controlled, and was in charge of, the day-to-day operations of LOOK Supper Club and Cities Restaurant and Lounge.

   7.  Collectively, Defendants operate together as a "single enterprise employer" that present themselves to the public as Look Supper Club and Cities Restaurant and Lounge, two inter-connected singularly owned supper club and night club operation doing business in the District of Columbia.

   8.  In furtherance of Defendants' business purpose, Defendants operated through several business entities for the purpose of shielding corporate and business related liability and attempting to shield liability and obligations to employees.

   9.  Notwithstanding that Defendants operate separate legal entities and separate physical locations, Defendants operations are centrally and commonly controlled and operated by Kosmides.

   10.  At all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00.

   11.  Upon information and belief, Defendants use a common bookkeeper and payroll system and, upon information and belief, the common bookkeeper and payroll system serves substantially the same function for all Defendants.

   12.  Plaintiffs were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, and Defendants have been at all times material herein an "employer" within the meaning of the FLSA.

13. At all times during the period of Plaintiffs' employment, Defendants were the "employers" of Plaintiffs for purposes of the FLSA, DCMWA, and DCWPA.

14. At all times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

15. At all times, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

16. At all times, Plaintiffs and other individuals employed by Defendants were employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

17. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

18. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

### Carrasco

19. Carrasco was employed by Defendants as a cook from about January 2014 through about April 2015.

20. During the period of Carrasco's employ, Carrasco was paid as a salaried employee at the approximate rate of about $55,000.00 per year.

21. During the period of Carrasco's employ, Carrasco regularly and customarily worked more than forty (40) hours per week.

22.   During the period of Carrasco's employ, Carrasco's exactly hours varied slightly from week to week but, on average, Carrasco typically worked at or about sixty (60) to sixty-five (65) hours per week.

23.   During the period of Carrasco's employ, Defendants had knowledge of all hours Carrasco worked and directed Carrasco to work overtime hours in excess of forty (40) per week.

24.   During the period of Carrasco's employ, Defendants paid Carrasco no wages for overtime hours worked each week in excess of forty (40).

25.   During the period of Carrasco's employ, Defendants did not pay Carrasco overtime wages at the rate of one-and-one-half times his regular rate of pay for overtime hours worked each week in excess of forty (40).

26.   Duirng the period of his employ, Defendants failed and refused without excuse or justification to pay Carrasco wages required by Federal and District of Columbia law for about twenty (20) to twenty-five (25) overtime hours per week.

### Iriarte

27.   Iriarte was employed by Defendants as a bartender during the period of about 2009 through about April 2015.

28.   During the period of Iriarte's employ, Defendants paid Iriarte at or less than an hourly rate of at or about $2.77 per hour, a rate than is less than the required Federal and District of Columbia minimum wage rate.

29.   During the period of Iriarte's employ, Defendants failed to abide by the Federal and District of Columbia statutory requirements so as to allow Defendants to pay to utilize the "tip credit" method of minimum wage compliance.

30. At no time did Defendants provide Iriarte with notice that Defendants would be paying Iriarte pursuant to the "tip credit" method.

31. At no time did Defendants allow Iriarte to retain all the tips he received from Defendants' customers.

32. At all times, Defendants required Iriarte to pay a portion of his tips received from customers directly to Defendants and its owners and agents.

33. During the period of his employ, Defendants failed and refused without excuse or justification to pay Iriarte minimum wage compensation required by Federal and District of Columbia law for about thirty (30) to thirty-five (35) hours per week.

### Bright

34. Bright was employed by Defendants as a waitress during the period of about June 2013 through about March 2015.

35. During the period of Bright's employ, Defendants paid Bright at or less than an hourly rate of at or about $2.77 per hour, a rate than is less than the required Federal and District of Columbia minimum wage rate.

36. During the period of Bright's employ, Defendants failed to abide by the Federal and District of Columbia statutory requirements so as to allow Defendants to pay to utilize the "tip credit" method of minimum wage compliance.

37. At no time did Defendants provide Bright with notice that Defendants would be paying Bright pursuant to the "tip credit" method.

38. At no time did Defendants allow Bright to retain all the tips she received from Defendants' customers.

39. At all times, Defendants required Bright to pay a portion of her tips received from customers directly to Defendants and its owners and agents.

40. During the period of her employ, Defendants failed and refused without excuse or justification to pay Bright minimum wage compensation required by Federal and District of Columbia law for about eight (8) to sixteen (16) hours per week.

### Jhin

41. Jhin is employed by Defendants as a waitress, and has been employed by Defendants in that capacity since about April 2013.

42. During the period of Jhin's employ, Defendants paid Bright at or less than an hourly rate of at or about $2.77 per hour, a rate than is less than the required Federal and District of Columbia minimum wage rate.

43. During the period of Jhin's employ, Defendants failed to abide by the Federal and District of Columbia statutory requirements so as to allow Defendants to pay to utilize the "tip credit" method of minimum wage compliance.

44. At no time did Defendants provide Bright with notice that Defendants would be paying Jhin pursuant to the "tip credit" method.

45. At no time did Defendants allow Jhin to retain all the tips she received from Defendants' customers.

46. At all times, Defendants required Bright to pay a portion of her tips received from customers directly to Defendants and its owners and agents.

47. During the period of her employ, Defendants failed and refused without excuse or justification to pay Jhin minimum wage compensation required by Federal and District of Columbia law for about twenty (20) to thirty (30) hours per week.

### Mertz

48. Mertz is currently employed by Defendants as its Director of Operations and has been employed in that capacity or a management capacity since about 2010.

49. During the time relevant to this action, Defendants promised to pay Mertz as a salaried employee at the approximate annual salary rate of $70,000.00.

50. During the time relevant to this action, Defendants also promised to pay Mertz commissions at the rate of 3% of the net sales on every event she booked, earned bonuses related to work duties performed by Mertz, full health benefits, and paid vacation leave.

51. Without excuse or justification, Defendants failed and refused to pay Mertz earned commission wages in the amount of approximately $6,000.00.

52. Without excuse or justification, during the time relevant to this action, Defendants failed and refused to pay Mertz earned and promised performance based bonuses.

53. Without excuse or justification, Defendants failed and refused to pay Mertz promised and earned health benefits or provide Mertz with the monetary value of promised benefits notwithstanding Defendants taking deductions therefor.

54. Without excuse or justification, Defendants failed and refused to pay Mertz her earned wages for July and August 2015.

55. Without excuse or justification, Defendants failed and refused to reimburse Mertz out-of-pocket work expenses for liquor orders in the amount of approximately $900.00. Defendants' failure to reimburse Mertz upon request effectively

resulted in an unauthorized and unlawful deduction from Mertz's wages by Defendants in the amount of $900.00.

56. During the period of her employ, Defendants failed and refused without excuse or justification to pay Mertz promised and earned wages as described above in violation of District of Columbia law.

### Samson

57. Samson was employed by Defendants as a General Manager from at least 2012 through about July 2015.

58. During the time relevant to this action, Defendants promised to pay Samson wages at a piece-rate at the pre-determined amount of $150.00 - $200.00 per shift he worked for Defendants.

59. Without excuse or justification, Defendants failed and refused to pay Samson earned wages for shifts worked in the approximate amount of $6,000.00.

60. Without excuse or justification, Defendants failed and refused to pay Samson earned and promised bonuses and employee benefits promised and earned for work duties performed.

61. Without excuse or justification, Defendants failed and refused to reimburse Samson out-of-pocket work expenses for property improvement for Defendants in the amount of approximately $6,000.00. Defendants' failure to reimburse Samson upon request effectively resulted in an unauthorized and unlawful deduction from Samson's wages by Defendants in the approximate amount of $6,000.00.

62. During the period of his employ, Defendants failed and refused without excuse or justification to pay Samson promised and earned wages as described above in violation of District of Columbia law.

## CAUSES OF ACTION

### COUNT I
### FLSA
### (Overtime - Carrasco)

63. Plaintiffs re-allege and reassert each and every allegation set forth above as if each were set forth herein.

64. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

65. Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and all Defendants were Plaintiffs' "employers" under FLSA, 29 U.S.C. § 207(a)(2).

66. Defendants were obligated to compensate Carrasco at the overtime rate of one-and-one-half (1½) times Carrasco's regular rate for all hours worked per week in excess of forty (40).

67. As set forth above, while in Defendants' employ, Carrasco regularly and customarily worked overtime in excess of forty (40) hours per week.

68. As set forth above, while in Defendants' employ, Defendants failed to compensate Carrasco at the FLSA required overtime rate equal to one-and-one-half (1½) times Carrasco's regularly hourly rate for overtime hours worked each week.

69. At all times during Carrasco's employ, Defendants had actual knowledge of the FLSA overtime compensation requirement and had actual knowledge that Defendants failure to pay Carrasco for overtime hours worked each week was in direct violation of the FLSA.

70. Defendants' failure to pay Carrasco as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Carrasco under Count I, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT II
## DCMWA
### (Overtime - Carrasco)

71. Plaintiffs re-allege and reassert each and every allegation above as if each were set forth herein.

72. Plaintiffs were Defendants' "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

73. Defendants were obligated to compensate Carrasco at the overtime rate of one-and-one-half (1½) times Carrasco's regular rate of pay for all hours worked per week in excess of forty (40).

74. As set forth above, while in Defendants' employ, Carrasco worked many overtime hours each week.

75. As set forth above, Defendants failed to pay Carrasco any wages for all overtime hours worked each week in excess of forty (40).

76. At all times during Carrasco's employ, Defendants had actual knowledge of the DCMWA overtime compensation requirement and had actual knowledge that Defendants failure to pay Carrasco for overtime hours worked each week was in direct violation of the DCMWA.

77. Defendants' failure to pay Carrasco as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Carrasco under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT III
### FLSA
### (Minimum Wage – Iriarte, Bright & Jhin)

78. Plaintiffs re-allege and reassert each and every allegation set forth above as if each were set forth herein.

79. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage.

80. Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 206(a)(1) and Defendants were their "employers."

81. Defendants were obligated to compensate Plaintiffs for all hours worked at not less than the federal minimum wage.

82. As set forth above, Defendants at all times either failed to pay Plaintiffs Iriarte, Bright, and Jhin wages or paid Plaintiffs iriarte, Bright, and Jhin at an hourly rate less than the required federal minimum wage.

83. As set forth above, Defendants failed to provide notice of any intent to use the tip credit, failed to pay a rate at least equal to the required "tip credit" rate, and failed to allow Plaintiffs Iriarte, Bright, and Jhin to retain all tips resulting in a failure by Defendants to abide by the "tip credit" FLSA statutory requirements.

84. At all times, Defendants paid (or failed to pay) Plaintiffs Iriarte, Bright, and Jhin at an hourly rate at least equal to the federal minimum wage rate

85. Defendants have failed and refused to compensate Plaintiffs Iriarte, Bright, and Jhin properly and as required by the FLSA for numerous hours worked.

86. At all times, Defendants had actual knowledge of the FLSA minimum wage requirement and had actual that Defendants' failure to pay Plaintiffs Iriarte, Bright, and Jhin for hours worked each week at the FLSA federal minimum wage rate was in direct violation of the FLSA.

87. Defendants' failure to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Iriarte, Bright, and Jhin under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT IV
### DCMWA
### (Minimum Wage – Iriarte, Bright & Jhin)

88. Plaintiffs re-allege and reassert each and every allegation set forth above as if each were set forth herein.

89. Plaintiffs were "employees" and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

90. Under the DCMWA, Defendants were obligated to pay Plaintiffs at an hourly rate not less than the District of Columbia minimum wage.

91. As set forth above, Defendants at all times either failed to pay Plaintiffs Iriarte, Bright, and Jhin wages or paid Plaintiffs iriarte, Bright, and Jhin at an hourly rate less than the required District of Columbia minimum wage.

92. As set forth above, Defendants failed to provide notice of any intent to use the tip credit, failed to pay a rate at least equal to the required "tip credit" rate, and failed to allow Plaintiffs Iriarte, Bright, and Jhin to retain all tips resulting in a failure by Defendants to abide by the "tip credit" DCMWA statutory requirements.

93. At all times, Defendants paid (or failed to pay) Plaintiffs Iriarte, Bright, and Jhin at an hourly rate at least equal to the District of Columbia minimum wage rate

94. Defendants have failed and refused to compensate Plaintiffs Iriarte, Bright, and Jhin properly and as required by the DCMWA for numerous hours worked.

95. At all times, Defendants had actual knowledge of the DCMWA minimum wage requirement and had actual that Defendants' failure to pay Plaintiffs Iriarte, Bright, and Jhin for hours worked each week at the DCMWA District of Columbia minimum wage rate was in direct violation of the DCMWA.

96. Defendants' failure to pay compensation as required by the DCMWA was willful and intentional, and not in good faith.

## COUNT V
## DCWPA
### (Unpaid Wages – All Plaintiffs)

97. Plaintiffs re-allege and reassert each and every allegation set forth above as if each were set forth herein.

98. Plaintiffs were "employees" and Defendants were Plaintiffs' "employers" within the meaning of the DCWPA.

99. Under the DCWPA, Defendants were obligated to pay Plaintiffs all wages earned and owed for work that Plaintiffs performed.

100. "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

101. Plaintiffs performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiffs all wages earned and required by private contract and/or agreement and by Federal and District of Columbia law.

102. Defendants owe Plaintiffs wages for work duties performed as set forth above.

103. Defendants' failure to pay Plaintiffs wages as set forth above constitutes a violation of Plaintiffs right to receive wages as guaranteed by the DCWPA.

104. Defendants' failure to pay Plaintiffs all wages earned, owed, and required by law as required by the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count V, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

*/s/*

Gregg C. Greenberg, Bar No. MD17291
Jason D. Friedman, Bar No. MD18898
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com
           jfriedman@zagfirm.com

*Counsel for Plaintiffs*